Collett, C. J.,
delivered the opinion of the court:
The statute to provide for the support of common schools gives jurisdiction to this court in cases like the one presented by this bill. Sections 13, 14, and 15 of that statute provide that where less than two-thirds of the property subject to taxation, in a school district, is owned by persons residing within it, no single tax exceeding one hundred and fifty dollars shall be levied by the inhabitants to erect, repair, complete, or furnish a school-house that no land of a non-resident of the district, once taxed to erect, repair, complete, or furnish a school-house for the district, shall, by any alteration of its boundaries, be again taxed for the same purpose until the expiration of three years.
The facts shown in the bill bring the complainant’s case clearly within two of the statutory provisions here enumerated. The assessment exceeds one hundred and fifty dollars; the lots in question belong to a non-resident, and had paid tax for the same-purpose within the last three years. The fact that the defendant and more than ono-third of the landholdez’s to be taxed are nonresidents, being chaz-ged in the bill, are admitted by the demur *57 rer. The tax is clearly illegally assessed. The complainant appears entitled to the relief he seeks. The demurrer is, therefore, overruled.